UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Nathan A. Giguere

    v.                                      Civil No. 11-cv-465-JD

William Wrenn, Commissioner,
New Hampshire Department of
Corrections


**O R D E R**

    Nathan Giguere has filed this action, pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights to adequate medical care and humane conditions of confinement at the New Hampshire State Prison ("NHSP"). Because Giguere is a prisoner, the matter is before the court for preliminary review to determine whether the complaint (doc. nos. 1 and 6)[1] states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

    In the report and recommendation issued on this date, the court recommends that supervisory liability claims against NHSP Warden Richard Gerry and New Hampshire Department of Corrections

---

[1] Giguere filed an original complaint (doc. no. 1) and subsequently filed a motion to amend the complaint (doc. no. 6), which has been granted. Accordingly, the pleadings (doc. nos. 1 and 6) will be considered, in the aggregate, to be the complaint in this matter.

Commissioner William Wrenn be dismissed. For reasons stated in the report and recommendation, as to Giguere's Eighth Amendment claims of inadequate medical care and inhumane conditions of confinement, Giguere is granted leave to amend his complaint, as directed below, to identify defendants and to assert sufficient facts to state a plausible claim showing that each identified defendant is responsible for violating Giguere's Eighth Amendment rights.

Giguere is directed, within thirty days of the date of this order, to amend his complaint as follows:

1. Giguere must identify the NHSP staff or officials that he alleges are responsible for each of the claims asserted.

2. Giguere must state, with specificity, what each defendant did, or failed to do, that caused Giguere's Eighth Amendment rights to medical care and/or to humane conditions of confinement to be violated.

3. In his amended complaint, Giguere must assert facts to demonstrate that each defendant acted with deliberate indifference, including facts showing: (a) that the defendant was actually aware of specific facts from which he or she could infer the existence of a significant risk to Giguere's health or safety; and (b) how each defendant failed to respond reasonably

to that risk or otherwise failed to protect Giguere from harm.

    Failure to amend the complaint as directed will result in this court's recommendation that one or both of the claims asserted in the complaint be dismissed.

    SO ORDERED.

                                            Landya McCafferty
                                            United States Magistrate Judge

March 21, 2012

cc: Nathan A. Giguere, pro se

LBM:jba